| | |
|---|---|
| LAW OFFICES OF WILLIAM C. REIL | |
| BY: William C. Reil, Esquire | |
| Identification No. 26833 | |
| 1515 Market Street, Suite 1200 | |
| Philadelphia, PA 19102 | |
| 215-564-1635 | ATTORNEY FOR PLAINTIFFS |
| Dr. Orien L. Tulp : | UNITED STATES DISTRICT |
| President of the : | COURT FOR THE EASTERN |
| University of Science, Arts, and Technology : | DISTRICT OF PENNSYLVANIA |
| 4288 Youngfield Street : | |
| Wheat Ridge, CO 80033 : | CIVIL ACTION NO. |
| and : | |
| Carla Konyk : | |
| Vice President of the : | |
| University of Science, Arts, and Technology : | |
| 4288 Youngfield Street : | |
| Wheat Ridge, CO 80033 : | |
| vs. : | |
| Educational Commission for : | |
| Foreign Medical Graduates : | |
| 3624 Market Street : | |
| Philadelphia, PA 19104 : | JURY TRIAL DEMANDED |

## COMPLAINT – CIVIL ACTION

### PARTIES

1. A plaintiff is Dr. Orien L. Tulp, hereafter referred to as "Dr. Tulp", an adult individual whose address for service of process is at 4288 Youngfield Street, Wheat Ridge, CO 80033. At all times material herein, plaintiff was President of the University of Science, Arts, and Technology ("USAT"), and had an ownership interest in the University. USAT is located in Montserrat, but its US administrative office is located at the address in the caption, and students take classes in Montserrat and the US via a distance education format.

2. A plaintiff is Carla Konyk, the wife of Dr. Orien L. Tulp, an adult individual whose address for service of process is at 4288 Youngfield Street, Wheat Ridge, CO 80033. At all times material herein, plaintiff was Vice President of the University of Science, Arts, and Technology ("USAT"), and had an ownership interest in the University.

3. A defendant is the Educational Commission for Foreign Medical Graduates, hereafter referred to as "ECFMG" or "the Board", which is an unincorporated association, whose address for service of process is 3624 Market Street, Philadelphia, PA 19104. According to their mission statement, the ECFMG is an organization which

purports to certify medical school students and graduates to practice medicine in the United States.

4. Dr. Tulp and his wife each owned an equal interest in USAT.

5. ECFMG is an organization sponsored by various medical organizations, including the Federation of State Medical Boards. Through the ECFMG's certification process, it gives medical students and medical graduates a certification of eligibility (essentially a license) to apply for a ACGME (Accreditation Council for Graduate Medical Education) certified residency program of postgraduate specialty training that can lead to medical licensure of the applicant. A residency program is a certified program that trains students who have graduated from a medical school and taken a series of examinations or tests administered by way of the United States Medical Licensing Examination (the USMLE). The state medical boards have given ECFMG the power to examine and certify international medical graduates (IMGs) as competent to undertake residency training in the USA. Without the certification (license) from the ECFMG, a foreign medical graduate cannot start the process of being licensed as a physician in the United States.

6. The action of the ECFMG is in granting authority to apply for a residency program is state action. The ECFMG's authority, which is in essence a license to apply for a residency program, has a close nexus to the various state medical boards. Without the ECFMG certificate, the ACGME postgraduate programs will not permit the applicant to start the training that will in essence allow the gate to be closed to obtaining a medical residency and eventual license to practice medicine in the USA. Without the residency training, the medical graduate cannot obtain a full unrestricted medical license. The state medical boards have granted the power to the ECFMG to screen foreign medical students for licensure. State action is established because of this delegation of screening power. *Jackson v. Metro Edison Co.*, 419 U.S. 345, 351.

7. The ECFMG has placed itself in a position of interdependence with the state medical boards. The ECFMG cannot be considered to be a private entity because the ECFMG reports to the state medical boards but also reports to the National Practitioner Data Bank. The ECFMG would not exist without the powers delegated by the state medical boards. *Burton v. Wilmington Parkway Authority*, 365 U.S. 715, 725 (1961).

8. Because the ECFMG's actions are delegated state actions, the ECFMG is required to give both procedural and substantive Fourteenth Amendment due process rights. In the alternative, ECFMG was required to provide common law due process to the plaintiffs.

## JURISDICTION AND VENUE

9. The Court has jurisdiction under Diversity of Citizenship, the Civil Rights Act (42 U.S.C.A. 1983) and the Due Process clause of the United States Constitution, with pendent jurisdiction to consider any claims arising under state law.

10. Venue is properly before the Court, since defendant is located and conducts business in the Eastern District of Pennsylvania.

## SUMMARY

11. In an attempt to close down the USAT and sanction Dr. Tulp, defendant ECFMG has refused to allow students of USAT to take necessary medical examinations. Defendant ECFMG has effectively closed USAT, by refusing to release scores for students who paid for the examinations. Doctors who graduated from USAT have been unable to commence their residency due to the refusal of the Board to issue an appropriate certification. ECFMG has also sent misleading "affidavits" to many USAT students and threatened many students with "irregular behavior" in order to sanction Dr. Tulp and force closure of the University, which he founded. He is President, CEO, and an equal owner of the University with his wife, Carla Konyk, the Vice President of USAT. Thus, ECFMG tortiously interfered with the educational contract between the students of USAT, the University, and Dr. Tulp, denied due process to Dr. Tulp and the students of USAT, and improperly used an "affidavit" (*See* Exhibit D) to coerce information from students. (Pinsky letter, *See* Exhibit A.) In addition, the Board placed information in the World Directory of Medical Schools, prior to any hearing or legal process, advising that it would no longer recognize the test scores of USAT graduates after 01/01/19. *See* Exhibit B.

12. On 11/28/18, the ECFMG conducted a hearing for Dr. Tulp, which was essentially a sham and violated common law due process.

13. The ECFMG deprived Carla Konyk and Dr. Orien Tulp of property (USAT) by finding Dr. Tulp culpable of "irregular behavior" without due process, causing USAT to become virtually worthless.

## GENERAL ALLEGATIONS

14. ECFMG sent to USAT a letter implying that the school would be closed on or about 01/01/19 because the Board would no longer recognize the scores of its students in taking the three-part United States Medical Licensing Examination. This action prohibits applicants from sitting for the USMLE, which is required for unrestricted medical licensure.

15. On 11/21/18, Kara Corrado, J.D., Vice President for Operations of the Board, sent a letter to counsel for USAT indicating two concerns: 1) that USAT's authority to conduct its medical education program amounted to "irregular behavior" because USAT had not been certified by a governmental entity in the United States, and 2) the allegation that USAT was operating medical school campuses in the United States. *See* Exhibit E. On 10/18/18, Lisa Cover, a Senior Vice President with ECFMG, wrote a letter to Dr. Tulp advising him of the allegation that he engaged in "irregular behavior". *See* Exhibit F.

16. USAT has a certification from the government of Montserrat, allowing it to operate temporary venues due to an active volcano on the island. Such certification had been recognized by the Board without incident since 2003. USAT also operates online courses for the majority of its basic sciences course requirements via a specially developed SPOC (Small Platform Online Courses, developed by USAT). A true and correct copy of the certification from Montserrat is attached and incorporated as Exhibit C.

17. Students from USAT have each paid well over $1,000 to the Board to take necessary medical exams, and the Board has refused to release their scores because of alleged misconduct by Dr. Tulp, and an assignment by the Board of "irregular behavior" arising out of an illegal affidavit issued to students of USAT. "Irregular behavior" may be a permanent admonition on a student or physician's official record, and make residency difficult, if not impossible.

18. The Board set up a hearing on 11/28/18 for Dr. Tulp, only, in Philadelphia, at the address in the caption to address so-called "irregular behavior". After a few minutes, with no witnesses called, Board counsel announced that the hearing was terminated. Prior to the hearing, the Board took the position that Dr. Tulp had the burden of proof on the issue of "irregular behavior" for which he had been charged by the Board. The Board set 20 minutes as the duration of the hearing. No testimony was taken or exhibits received in evidence, before Board counsel terminated the hearing. No Transcript of the proceedings has been received. The Board indicated that on 01/01/19 it will issue a finding of "irregular behavior" to Dr. Tulp effectively closing USAT.

19. There was no jurisdiction over, or relationship with, Dr. Tulp to compel him to attend the hearing by the Board, and he made a special appearance while not agreeing to jurisdiction. ECFMG has no jurisdiction over Dr. Tulp, or legal relationship with Dr. Tulp, or the power to enter any sanction against him. The Board has no contractual or statutory authority over Dr. Tulp.

20. The Board would not give Dr. Tulp sufficient discovery to conduct an adequate defense. Also, the Board has never requested any curricula, student records, or any documentation from USAT.

21. The term "irregular behavior" is void for vagueness, since "irregular behavior" is so broad that it essentially amounts to any behavior which the Board does not approve. There is no intelligible standard to ascertain "irregular behavior" with the exception of the fiat by the ECFMG. There is no due process mechanism to effectively challenge a finding of "irregular behavior" which can amount to an indefinite suspension of United States medical licenses by the Board without formal notification of such assignment to the individual concerned.

22. There is no reasonable way to ascertain the standards for "irregular behavior" in the instant case, prior to any adjudication.

23. The Board has effectively closed USAT by not allowing its students and graduates to complete the necessary medical examinations beyond 01/01/19, and has tortiously interfered with the relationship of the students of USAT and Dr. Tulp, the President of the University.

## FIRST CAUSE OF ACTION
## Dr. Orien L. Tulp v. ECFMG

24. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

25. This cause of action is for violation of due process by the ECFMG (the Board).

26. The Board violated the due process rights of Dr. Tulp by finding him guilty of "irregular behavior" when it had no jurisdiction over Dr. Tulp, or any direct contact with him prior to a finding of "irregular behavior".

27. The Board violated the due process rights of Dr. Tulp by illegally withholding necessary medical examinations for USAT students and graduates in an attempt to sanction plaintiff and to force closure of USAT.

28. The Board violated the due process rights of Dr. Tulp by sending misleading affidavits to students of USAT, which affidavits were illegal and designed to intimidate the students from attending USAT. The Board stated that as of 01/01/19, students of USAT may not apply to ECFMG for certification. Essentially, the Board engaged in an illegal scheme to destroy USAT and Dr. Tulp by publishing the demise of the University in the World Directory of Medical Schools before any notification of such intent by the ECFMG.

29. The Board violated the due process rights of Dr. Tulp by failing to award him or the students of his college a legitimate hearing before taking adverse action. The Board commingled the adjudicatory and investigative functions, particularly through the use of affidavits sent to students to secure documentary evidence under the threat of "irregular behavior". *See Lyness v. Com., State Bd. Of Medicine*, 529 Pa. 535 (1992).

30. ECFMG is estopped from denying that it is a governmental or quasi-governmental entity, *inter alia*, because no disclaimer that it was a private entity to that effect was placed on the affidavits sent to thousands of USAT students. In point of fact, the opposite was implied.

31. The Board has acted as a governmental entity, and is estopped from denying the same.

32. When the Board corresponded with USAT and with its students, there was no disclaimer that the Board was not acting on behalf of any governmental authorization, or that it was allegedly a private entity, and the students were not required by law to respond to the affidavit or provide any documents. Students were required to complete

"affidavits" under penalty of a finding of "irregular behavior" and denial of ECFMG services.

33. Under the doctrine of state action, the Board has failed to exercise due process in its dealings with USAT and its students as is required by the Due Process Clause of the Pennsylvania and US Constitutions.

34. The Board has failed to show due process to USAT students, as heretofore mentioned. The affidavits indicated that the Board has illegally commingled the adjudicatory and prosecutorial functions, in violation of due process.

35. As a result of the Board acting as a quasi-governmental entity, Dr. Tulp and his University suffered the damages as previously enumerated.

36. Dr. Tulp will also suffer loss of his position as President of the University, as well as direct monetary damages resulting from the closing of USAT, arising out of the actions of ECFMG to close USAT, and to preclude its students from practicing medicine or engaging in postgraduate training in the USA, and the discouraging of any students from attending an institution where they cannot receive required certification from the ECFMG Board to qualify for licensure or registration to practice medicine in the USA.

37. As a result of defendant's illegal actions, plaintiff has suffered violation of his due process rights, emotional distress, embarrassment, humiliation, defamation and false light portrayal.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorney fees.

## SECOND CAUSE OF ACTION
## Carla Konyk v. ECFMG

38. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

39. This cause of action is for violation of due process by the ECFMG (the Board).

40. The Board violated the common law due process rights of Carla Konyk by taking actions and conducting a hearing, without the inclusion of Ms. Konyk, the result of which hearing was to take the property interest of plaintiff Carla Konyk in USAT without hearing or due process. The ECFMG conducted a hearing on 11/28/18 for Dr. Tulp for "irregular behavior", which the ECFMG knew or should have known would have the effect of reducing the value of USAT to virtually nothing if "irregular behavior" was found.

41. Carla Konyk was not included in the hearing before the ECFMG, as a witness or a party, even though she was an equal owner of USAT with her husband, Dr. Orien L. Tulp.

42. The ECFMG violated the due process rights of Carla Konyk by taking property from her without due process of law.

43. The ECFMG violated the due process rights of Carla Konyk without giving her notice and opportunity to be heard.

44. Carla Konyk will also suffer loss of her position as Vice President of the University, as well as direct monetary damages resulting from the closing of USAT, arising out of the actions of ECFMG to close USAT, and to preclude its students from practicing medicine or engaging in postgraduate training in the USA, and the discouraging of any students from attending an institution where they cannot receive required certification from the ECFMG Board to qualify for licensure or registration to practice medicine in the USA.

45. As a result of defendant's illegal actions, plaintiff has suffered violation of her due process rights, emotional distress, embarrassment and humiliation.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorney fees.

Respectfully submitted,

*William C. Reil*

William C. Reil, Esquire
FOR: Tommy Swate, Esquire
Attorneys for Plaintiffs
File I.D. No. WCR1962
Attorney I.D. No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
06/25/19